## M'Nutt *et al.,* Appellants, *v.* Wilcox & Fearn.

Where two separate suits were brought against the drawer and endorser of a
promissory note, and judgments had, and forthcoming bonds given in each
case; the bond against the maker of the note having been given and for-
feited prior to that against the security: *Held,* the forfeiture of the forth-
coming bond against the maker of the note, did not operate as a satisfaction
of the judgment against the security, in as much as the judgments were
separate, and in separate suits.

But it seems the rule is different when the judgment is joint, on a joint, or
joint and several liability.

APPEAL from the circuit court of Warren county.

On the 19th of May, 1836, judgment was rendered against
appellant for 13,371 dollars, 85 cents, as endorser of a note of
which one Mitchell was drawer; which judgment was bonded to
November term, 1836, of Warren circuit court, under a levy made
on the 25th day of October, 1836. On the 13th of May, 1836, Wil-
cox & Fearn, in same court recovered judgment against Mitchell
as drawer of said note, which judgment was by him bonded,
under a levy made on 20th of June, 1836, on twenty-five slaves.
This bond was forfeited, and execution thereon issued, to May
term, 1837, which was levied. A writ of error *coram nobis,* in
this case, was sued out, by M'Nutt to arrest execution on the
forthcoming bond given by himself and forfeited, upon the ground
that the above proceedings had against Mitchell the drawer of
the note, constituted a satisfaction and extinguishment of the judg-
ment against himself as an endorser.

The court below decided, that a levy under a judgment against
the drawer, and a forthcoming bond taken and forfeited, was no
satisfaction of the judgment against the endorser. From which
opinion, this appeal was prosecuted.

Holt, for the appellant.

The appellees did not contest the facts set forth in the petition

for the writ of error in the court below, but admitted the same to be truly stated, by their response of *in nullo est erratum* to the errors assigned. Handley *v.* Fitzhugh, 3 Marshall, 563; 2 Pirtle's Dig. 554, sect. 12. Under such a state of pleadings, a former decision, overruling a motion to quash the execution, for the same causes, cannot be relied on.

In support of the principal position assumed by the appellant, see Taylor *v.* Dundas, 1 Wash. 92, and the authorities there cited: Downman *v.* Chinn, 2 Wash. 189. That a replevin or forthcoming bond is so far a satisfaction of the judgment, that no execution can issue on it, against the other parties who have not joined in the bond. 1 Monroe, 248–9; see 2 Blackstone's Rep. 1235. "That the holder of a bill of exchange may sue a subsequent endorser, notwithstanding an ineffectual execution against a prior endorser." If the execution had been effectual (a levy for example and a forthcoming bond, forfeited) the inference is clear, that the suit would have been barred. It was a case of a *ca. sa.* debtor's body discharged, the remedy remains, say the court, although an unproductive *fieri facias* had been sued out. See also 1 Salkeld, 323; 12 Johns. 207; 2 Tidd, 936; 2 Bacon, 720; 3 Decisions Supreme Court Miss. 353–4. That the bonding of a debt by one joint obligor in a joint and several obligation, is a discharge of a judgment separately obtained against the other obligor, Justices of Mason County *v.* Lee, 1 Monroe, 248–9.

Yerger, for the appellees.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The material facts in this case are these: The appellees brought separate suits on a promissory note. One against James C. Mitchell, the maker, and another against A. G. M'Nutt, one of the appellants, as endorser. On the 13th of May, 1836, judgment was recovered in the circuit court of Warren county, against Mitchell the maker. And on the 19th of the same month, in the same court, judgment was also recovered against the said appellant as endorser. On each of the judgments, executions were sued out, returnable to the November term following. On the 20th of June, the *fieri facias* against Mitchell was levied on a number

[M'Nutt *et al.*, Appellants, *v.* Wilcox & Fearn.]

of negroes, and a forthcoming bond given, and on the 25th of October, the *fieri facias* against M'Nutt, was levied and a forthcoming bond given, both of which bonds were returned forfeited. Under this state of facts, the question is presented as embracing the merits of the case, to wit, did the levy of the execution against Mitchell, and his forfeiture of the bond, so far satisfy the judgment against M'Nutt, as to entitle him to exoneration from the *fieri facias* which issued on the forthcoming bond which he had forfeited ?

It must be considered that if the judgment had been joint, on a joint, or joint and several liability, the law would be with the appellants. It is now a settled rule in this state, as well as in others, that the forfeiture of a forthcoming bond is a satisfaction of the original judgment, and the forfeiture of such a bond by one of the joint defendants is held to discharge the other from the operation of the judgment; but, we apprehend this rule does not apply when separate judgments have been obtained by separate suits, on liabilities purely several, as was the case in this instance. The plaintiffs below, as the holders of a dishonored endorsed note, had an undoubted right to proceed against the maker and endorser at the same time, and were not bound to wait until they ascertained that no satisfaction could be obtained from the one first sued, although payment by either would have satisfied their demand. The forfeiture of a forthcoming bond extinguishes, or satisfies, as it is said, the original judgment, because it is a proceeding arising on it, and has in itself the force and effect, and is of equal dignity with a judgment, and a plaintiff is not entitled to two subsisting judgments on the same cause of action against the same individual. It is like a second judgment obtained by an action on the first; the plaintiff cannot proceed to enforce the first, but must rely upon the second. Hence it is, that forfeiture of a bond by one or two joint defendants, releases the others; when the judgments are separate, the reason fails. The authority in 1 Washington, cited by appellants' counsel, does not support the position taken by the appellants. A motion was made by one of the two joint defendants, to quash an execution on the ground that a former execution had been levied on the property of the other defendant, who gave a forthcoming bond. The point

decided is, that a second *fieri facias* cannot issue on the same judgment against several defendants, if upon a first a sufficiency of goods had been taken from one of them no matter to which they belonged. We recognise the principle as it is cited in 2 Ld. Raym. 1072, as the true one, and it is directly in point.

Two were bound in a bond jointly and severally, and judgment obtained in a separate suit against one; a *fieri facias* issued, and a seizure to take value, returned; but the property was not sold, nor the money paid. To a second action brought against the other obligor, this matter was pleaded in law, but determined against him; nothing but actual satisfaction by the other obligor being sufficient to discharge him. In accordance with this principle, is the decision in the cause referred to in 3 Randolph, 490. One of the two joint obligors was sued, and judgment obtained. He gave a forthcoming bond, on which judgment was rendered against him and his surety. He afterwards paid part of the money, and moved for judgment against his co-obligor for whom he was only surety in the bond, which was the original cause of action. It was insisted that his right to the motion for the full amount, accrued immediately upon his executing and forfeiting the bond, on the ground that it was a satisfaction of the judgment: Held, that this did not discharge the obligor not sued, and that a forthcoming bond is not a payment. If it could not discharge one of the two joint obligors, *a fortiori*, it cannot discharge the liability of the appellant, which is separate only. The cause in 1 Monroe, 247, referred to by the counsel for the appellants, is not entirely reconcilable with the authorities above cited, and while I entertain a high regard for the legal ability of the judge who delivered the opinion, yet I do not think it sustainable on principle. It stands opposed also by the weight of authorities. The case was substantially this. Suit was instituted against two defendants; process being served at different times, separate judgments were rendered, and it was held that the giving of a replevy bond by one, operated not only as a discharge of the original judgment against him, but also as a discharge of the other judgment against the other defendant.

It cannot be pretended that the giving of a forthcoming bond or the forfeiture, is a payment; it is mere security for the debt,

[M'Nutt *et al.*, Appellants, *v.* Wilcox & Fearn.]

and the debt still remains.  When forfeited, it has the effect only of a judgment, and in the language of Lord Ellenborough, a "judgment recovered in any form of action, is still but a security for the original cause of action, until it be made productive in satisfaction to the party, and, therefore, it cannot operate to change any other collateral concurrent remedy which the party may have." 3 East, 258.  This reasoning is altogether applicable to the case before us.  When the maker failed to pay the note, the holder had a collateral concurrent remedy against the endorser; when this remedy was ripened into judgment against both, he held still but a security for the debt, with a collateral concurrent remedy by enforcing the judgment against the endorsers; and the same may be said of the forfeiture of the bond, which extinguished the original judgment, by having in itself the force and effect of a judgment; it was nothing but a security for the debt, and the parties had their collateral concurrent remedy in this right to sue out execution.

Apart from the merits of the case, the remedy which was resorted to for obtaining relief against the executions, will not lie.  A *fieri facias* issued on the original judgment, which was levied and a forthcoming bond was given and forfeited.  A writ of error *coram nobis* was sued out, not to reverse the original judgment, but to reverse the judgment on the bond.  Such a writ is proper, in order to reverse a judgment for error in fact; but there must be a judgment of the court, or there can be nothing to reverse.  The statute gives to a forfeited forthcoming bond the effect of a judgment, but there is, in truth, no judgment, as the court does not pass upon it, nor is any judgment entered on the record.  If the bond was defective, or irregularly taken, it might have been quashed, but cannot be reached by writ of error.

The judgment of the court below must be affirmed.